## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEONARD E. WILLIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 02: 07cv293 |
| ) | |
| CUNA MUTUAL INSURANCE AGENCY, ) | |
| INC., t/d/b/a CUNA MUTUAL GROUP, ) | |
| ) | |
| Defendant. ) | |

## ORDER OF COURT

The defendant herein removed this matter from the Court of Common Pleas of Washington County, Pennsylvania on March 6, 2007. In its Notice of Removal, defendant states that "taken as a whole, Plaintiff's breach of contract claim, his demand for interest, punitive damages, court costs and attorney's fees <u>could</u> exceed the $75,000 amount in controversy requirement pursuant to 42 U.S.C. § 1322." Notice of Removal, ¶ 7 (emphasis added) (Document No. 1). However, Plaintiff filed this action demanding relief within the jurisdiction of the arbitration limits of the Court of Common Pleas of Washington County, to wit: $35,000.00 or less. Thus, Plaintiff apparently seeks a maximum recovery of $35,000.00

The removal statute, 28 U.S.C. § 1441, must be strictly construed to honor Congress' intent to restrict federal diversity jurisdiction. *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). When the parties are citizens of different states, district courts will exercise jurisdiction over a removed case if the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). The removing party bears the burden of proving to a legal certainty that federal jurisdiction subject matter exists. *Samual-Bassett,* 357 F.3d at 396. The Court has the obligation to raise the question of subject matter jurisdiction *sua sponte* if it appears to the

Court that the matter before it falls outside of the limited jurisdiction of the federal courts. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998).

**AND NOW**, this 8th of March, 2007, it is hereby

**ORDERED** that on or before **March 22, 2007**, the parties shall show cause why this action should not be remanded to the Court of Common Pleas of Washington County, Pennsylvania, because of the questionable subject matter jurisdiction in that the amount in controversy does not appear to exceed $75,000. 28 U.S.C. § 1332.

It is further **ORDERED** that if plaintiff contends that this Court does not have subject matter jurisdiction because the amount in controversy does not exceed $75,000, then on or before **March 22, 2007**, plaintiff shall also file a certificate stating that he is willing to irrevocably remit all damages in excess of $75,000, the jurisdictional threshold, should this action be remanded to the Court of Common Pleas of Washington County, Pennsylvania.

        BY THE COURT:

        /s Terrence F. McVerry
        United States District Court Judge

cc:    Laura D. Phillips, Esquire
        Phillips & Faldowski, P.C.
        29 East Beau Street
        Washington, PA 15301

        Daniel L. Rivetti, Esquire
        Robb Leonard Mulvihill
        Email: drivetti@rlmlawfirm.com